The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Amy L. Pfeiffer and the briefs and oral arguments before the Full Commission. Based upon review of all of the competent evidence of record and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, AFFIRMS in part and MODIFIES in part the Opinion and Award of the Deputy Commissioner.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement dated 11 August 1998 as:
 STIPULATIONS
1. Stipulated into evidence in this matter were the 13 May 1997 Opinion and Award, all additional Commission proceedings subsequent to the filing of the 13 May 1997 Opinion and Award, plaintiff's medical records from 17 September 1996 through 17 August 1998, plaintiff's answers to interrogatories, and defendant PDCI, Inc.'s answers to interrogatories served by defendant Bowman Gray School of Medicine.
2. In addition to the stipulated documents, the parties introduced and the Deputy Commissioner admitted into evidence plaintiff's exhibit one, a letter dated 11 July 1997 from plaintiff's counsel to the counsel for defendant PDCI, Inc.; plaintiff's exhibit two, itemized statements of costs pertaining to prescriptions; and defendants' exhibit one, a transcript of plaintiff's recorded statement given on 30 January 1998.
3. The issues to be determined in the hearing before the Deputy Commissioner were: (1) whether the 13 May 1997 Opinion and Award was a final decision in the matter; (2) whether plaintiff experienced an exacerbation of her compensable January 1995 injury by accident, or whether the incident occurring on or about 23 December 1997 constituted either a change of condition or a new injury by accident; (4) to what benefits is plaintiff entitled, if any, and if so, which defendant is responsible for any payment thereof.
***********
Based upon all of the competent evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. The findings of fact set forth in the 13 May 1997 Opinion and Award are incorporated herein by reference.
2. On 14 January 1995 plaintiff sustained a compensable injury by accident to her back, specifically, a bulging disc at L5-S1. From the date of her compensable injury by accident on 14 January 1995, plaintiff continued to receive medical treatment from Dr. Brown, a neurosurgeon, and Dr. Martin, a physician who treated plaintiff for pain management. From the date of her initial injury by accident on 14 January 1995, plaintiff has complained of continuous right leg and lower back pain with intermittent left leg pain.
3. Plaintiff was hired by Bowman Gray School of Medicine as a clinic licensed practical nurse (LPN) on 13 February 1995, and she worked in this capacity until 31 May 1996. Plaintiff then went out of work for a period of time due to her 14 January 1995 back injury, but she returned to work as an LPN for defendant Bowman Gray School of Medicine on 23 September 1996. As of the date of the hearing before the Deputy Commissioner, plaintiff continued to be employed as a clinic LPN by defendant Bowman Gray School of Medicine.
4. On or about 23 December 1997 plaintiff was pulling a stretcher to assist in the moving of a patient. When performing this task, plaintiff felt a pop in her low back, and she developed bilateral leg pain.
5. Following this pulling incident, plaintiff was seen by Dr. Martin on 7 January 1998. Dr. Martin ordered an MRI which was performed on 8 January 1998. The MRI results indicated that plaintiff had a small disc herniation at L5-S1. This MRI result was different from an MRI that plaintiff had undergone on 25 June 1996. The June 1996 MRI showed that plaintiff had a bulging, not herniated, disc at L5-S1.
6. After the MRI confirming plaintiff's herniated disc, plaintiff continued to be treated by Dr. Martin. Plaintiff was then seen by Dr. Brown on 21 January 1998. Dr. Brown recommended a lumbar laminectomy.
7. Dr. Brown performed a lumbar hemilaminectony on plaintiff's L5-S1 on 11 February 1998. It was his opinion that plaintiff's current severe back and leg pain was a direct result of the injury sustained by her on 14 January 1995, and that while she had experienced several exacerbations of her condition, it was the underlying condition from her January 1995 injury that necessitated the surgical procedure.
8. Plaintiff was discharged from the hospital on 15 February 1998, and at the time she was free of pain. Plaintiff had good results from the surgery, and on 11 March 1998 Dr. Brown allowed her to return to work for six-hour shifts for one week, and thereafter a full shift.
9. Plaintiff was out of work from 7 January 1998, the date of her first appointment with Dr. Martin after the 23 December 1997 pulling incident, through 15 March 1998. Plaintiff returned to work as a clinic LPN for Bowman Gray School of Medicine on 16 March 1998. Plaintiff worked for two weeks at six-hour shifts, and thereafter back up to an eight-hour shift.
10. From the date of her initial injury by accident on 14 January 1995, plaintiff remained under the regular and active care of Drs. Brown and Martin. Plaintiff received periodic transforaminal and transcaudal neurolytic injections which served to temporarily relieve her pain. Plaintiff also took pain medication on a regular basis. In addition, there was a three and a half month period subsequent to her 14 January 1995 injury that she was unable to work in any capacity because of severe back pain with attendant bilateral leg pain.
11. Plaintiff's pain level fluctuated between 15 January 1995 and 23 December 1997, with her pain subsiding after she got injections. Each time she got an injection, plaintiff had to miss work the day of the injection and the day afterwards.
12. Plaintiff obtained relief from an injection administered in July 1997 for a period of several months. However, by the second week of December 1997, plaintiff experienced increased right leg and back pain. The increase in plaintiff's pain caused her to schedule a 12 January 1998 appointment with Dr. Martin. However, because of the incident that occurred on or about 23 December 1997, plaintiff was unable to wait until 12 January 1998, and she therefore was examined by the physician on 7 January 1998.
13. When plaintiff pulled a patient on a stretcher on or about 23 December 1997 and felt a pop in her back, she experienced an exacerbation of the preexisting L5-S1 bulging disc such that this disc herniated. Plaintiff could have independently suffered a herniated disc at any vertebral level by pulling a patient on a stretcher. However, plaintiff's symptoms had not completely resolved following her 14 January 1995 injury, and she continued to receive regular medical treatment for her back condition. In December 1997, prior to the pulling incident, plaintiff had complained of an increase in her symptoms. Furthermore, the herniated disc that was diagnosed subsequent to the 23 December 1997 pulling incident was at the same L5-S1 level as the disc involved in the 14 January 1995 injury.
14. The injury sustained by plaintiff on or about 23 December 1997 materially aggravated her preexisting, underlying back condition at L5-S1 by causing a bulging disc to herniate. Plaintiff's underlying condition was a significant causal factor with respect to the herniation of plaintiff's disc.
15. Dr. Brown testified and the Full Commission finds as a fact that the plaintiff reached maximum medical improvement as of 21 October 1998 and retained a 10 percent permanent partial disability to her back.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The conclusions of law set forth in the 13 May 1997 Opinion and Award are incorporated herein by reference.
2. The 13 May 1997 Opinion and Award was not an interlocutory decision by the Commission, but constituted a final award.
3. On 23 December 1997 plaintiff materially aggravated her preexisting, underlying back condition. Plaintiff's compensable injury by accident on 14 January 1995 was a significant causal factor with respect to the herniation of plaintiff's disc on 23 December 1997. Click v. Pilot Freight Carriers, Inc.,300 N.C. 164, 265 S.E.2d 389 (1980); Anderson v. NorthwesternMotor Co., 233 N.C. 372, 64 S.E.2d 265 (1951).
4. Plaintiff's compensable injury by accident of 23 December 1997 constituted neither a new injury by accident pursuant to N.C.G.S. § 97-2(6) nor a change of condition pursuant to N.C.G.S. § 97-47.
5. In accordance with the conclusions of law numbers three and four above, defendant Bowman Gray School of Medicine is not liable to plaintiff for any indemnity or medical benefits stemming from the material aggravation of plaintiff's underlying, preexisting condition on 23 December 1997.
6. As a result of the material aggravation of plaintiff's underlying, preexisting condition on 23 December 1997, she was temporarily totally disabled from 7 January 1998 through 15 March 1998. N.C.G.S. § 97-29.
7. As a result of the material aggravation of plaintiff's underlying, preexisting condition on 23 December 1997, she was temporarily partially disabled for a two-week period beginning 16 March 1998. N.C.G.S. § 97-30.
8. As a result of the material aggravation of plaintiff's underlying, preexisting condition on 23 December 1997, she is entitled to have defendant PDCI, Inc. provide all medical treatment arising therefrom, including the 11 February 1998 surgery, to the extent that such treatment tended or tends to effect a cure, give relief, or lessen the period of plaintiff's disability. N.C.G.S. §§ 97-2(19) and 25.
9. As a result of her compensable injury on 14 January 1995, plaintiff is entitled to permanent partial disability compensation for the 10 percent permanent partial disability rating to her back. N.C. Gen. Stat. § 97-31.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant PDCI, Inc. shall pay plaintiff temporary total disability compensation benefits in the amount of $285.34 per week for the period of time from 7 January 1998 through 15 March 1998. Said benefits have accrued and shall be paid in a lump sum, with interest as allowed by law. This award is subject to the attorney's fee hereinafter approved.
2. Defendant PDCI, Inc. shall pay plaintiff temporary partial disability compensation in the amount of two-thirds of the difference between plaintiff's pre-injury average weekly wage ($428.00) and the average weekly wage she earned during the two-week period beginning 16 March 1998. Said benefits have accrued and shall be paid in a lump sum, with interest as allowed by law. This award is subject to the attorney's fee hereinafter approved.
3. Defendant PDCI, Inc. shall pay all medical expenses incurred or to be incurred by plaintiff as a result of her material aggravation of her underlying, preexisting condition on 23 December 1997.
4. Defendant PDCI, Inc. shall pay permanent partial disability compensation to the plaintiff at the rate of $285.34 per week for 30 weeks for his 10 percent permanent partial disability to his back, with interest as allowed by law. Said amount shall be paid in a lump sum, subject to the attorney's fee approved below.
5. A reasonable attorney's fee in the amount of twenty-five percent of the compensation awarded herein in paragraphs one and two of this Award is approved for plaintiff's counsel. This amount shall be deducted from the accrued benefits owed plaintiff and shall be paid directly to plaintiff's counsel of record.
6. Defendant PDCI, Inc. shall bear the costs of this proceeding.
This 11th day of January 2000.
S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
S/_____________ CHRISTOPHER SCOTT